OPINION OF THE COURT
Philip E. Lagaña, J.
The issue in this case is, can a mother who fails to feed her child be guilty of an assault?
Defendant has been indicted for the crimes of assault in the first degree (Penal Law, § 120.10, subd 3 — under circumstances evincing a depraved indifference of human life), assault in the second degree (Penal Law, § 120.05, subd 1 — an intent to cause serious physical injury) and endangering the welfare of a child (Penal Law, § 260.10, subd 1). Defendant moves to dismiss the indictment on the grounds that the evidence presented to the Grand Jury is legally insufficient, and that the charge to the Grand Jury was improper.
In determining this motion, the court has reviewed the Grand Jury minutes, the charge, the defendant’s motion papers and the reply thereto.
*832 In this type of motion the court must view the evidence in the light most favorable to the People (People v Warner-Lambert Co., 51 NY2d 295, 305). In a Grand Jury proceeding sufficient evidence is, “the equivalent of prima facie proof that the crime charged has been committed by the defendant” (People v Haney, 30 NY2d 328, 336). Even if the evidence does not make out the crime charged but makes out a lesser included offense thereof, the motion to dismiss must be denied (People v Leichtweis, 59 AD2d 383; People v Maier, 72 AD2d 754). The court will discuss this case in terms of assault in the third degree (Penal Law, § 120.00, subd 2 — recklessly causing physical injury) which is a lesser included of both assault counts (People v Green, 56 NY2d 427).
Few New York cases have discussed the issue of whether the failure to feed a child can be considered an assault or a homicide (see People v McDonald, 49 Hun 67; People v Wiggins, NYLJ, Aug. 23, 1979, p 11, col 3 [Lobato, J.]). In determining whether such failure can be considered an assault the court finds guidance in cases involving homicide (a homicide is an assault resulting in death). It is universally accepted that under the proper circumstances parental failure to feed an infant can constitute a homicide (see cases in Ann., 61 ALR3d 1207; 40 Am Jur 2d, Homicide, § 89; 2 Wharton, Criminal Law [14th ed], § 173; 61 LRA 290, § e).
In order for an omission or a failure to act to constitute criminal conduct, and in this case an assault, the People must show the following:
(1) A duty in law to perform a certain act (cf. People v Northrup, 83 AD2d 737 — duty of a parent to provide medical care for a child, with People v Robbins, 83 AD2d 271 — no duty of a spouse to call for medical assistance for the other spouse).
(2) The ability to perform the duty imposed by law (Commonwealth v Hall, 322 Mass 523; Bliley v State, 42 Ala App 261; State v Rivers, 133 Mont 129; 2 Wharton, Criminal Law, § 173, p 285, supra).
(3) The requisite mens rea — in this case reckless conduct (People v Poplis, 30 NY2d 85; People v Henson, 33 NY2d 63; People v Montanez, 41 NY2d 53), and
*833 (4) The causal connection between defendant’s reckless conduct and the injuries (People v Kibbe, 35 NY2d 407; People v Stewart, 40 NY2d 692).
The court will treat each one of these criteria seriatim.
DUTY
The omission “of a duty is in law the equivalent of an act” (People v Burden, 72 Cal App 3d 603, 616). Thus, the failure to perform a legal duty is considered an act (cf. Penal Law, § 15.00, subd 1). The People proved that defendant was the mother of the victim and that she had custody and control over the child. This set of circumstances imposed upon her the duty of providing support for the child (see Matter of Parker v Stage, 43 NY2d 128; Matter of Roe v Doe, 29 NY2d 188). The requirements of support include providing food (see Family Ct Act, § 416; Domestic Relations Law, § 34).
However, this duty is limited to the “means or [ability] to earn such means” of the defendant (see Family Ct Act, § 413; Domestic Relations Law, § 32). This limitation of the duty will be discussed in the next section. Suffice it to say that the District Attorney barely made out facts to prove that defendant had the means to support or provide food for the infant. However, she totally failed to instruct the jury that they must find that the defendant had the means or ability to provide her children with food.
ABILITY TO PERFORM THE DUTY
Not only must the People show that defendant had a duty to feed her infant child, they must also show that she had the ability to perform that duty. In this case, the People barely made out sufficient evidence with regard to the ability to feed her children. Nevertheless, the District Attorney failed to instruct the Grand Jury as to this requirement. This was especially egregious in light of the exculpatory evidence presented to the Grand Jury. Evidence was presented that defendant attempted to receive welfare, but the payments were being delayed for unknown reasons (see Stehr v State, 92 Neb 755, remanded for resentence 94 Neb 151 — the failure to make application to the welfare department is a reckless act). Testimony also indicated that defendant received, at best, $25 a week from *834 the father of the child (the sum was probably $25 for a longer period than a week). She also received on intermittent occasions some food for herself and two children from the purported father. There was further evidence that there was no food in the house. Twenty-five dollars a week, if that, and the bare minimum of food brought to the mother can hardly be said to give her the ability to perform the duty of feeding her children. The court notes that, at best, there was four to five months after the birth of the child, which is-hardly sufficient time for defendant, if she could, to find employment if she were physically able.
Without informing the Grand Jury of the necessity of finding that defendant had the ability to supply her children with food, they could not evaluate this exculpatory evidence (see, e.g., State v Noakes, 70 Vt 247; State v Mason, 18 NC App 433, cert den 283 NC 669; State v Crawford, 188 Neb 378).
MENS REA
The People must show that the defendant acted recklessly. A person acts recklessly with regard to a result “when [s]he is aware of and consciously disregards a substantial and unjustifiable risk”. (Penal Law, § 15.05, subd 3; see People v Henson, 33 NY2d 63, supra.) The People must show that defendant was aware that her failure to feed the child would cause physical injury. This fact was proven because most people are assumed to be aware that the failure to feed a child causes physical injury (Dillon v State, 574 SW2d 92, 94 [Tex]; Biddle v Commonwealth, 206 Va 14). However, in this case one of the grand jurors requested of the District Attorney proof or evidence of defendant’s age. The District Attorney informed the juror that defendant’s age was irrelevant. Defendant’s age is in fact relevant on the issue of her maturity and her awareness of the consequences of her actions (see Robinson v Commonwealth, 569 SW2d 183 [Ky]; People v Lynch, 47 Mich App 8; Ann., 61 ALR3d 1195).
CAUSATION
The People must prove that defendant’s failure to feed her child caused physical injury. The expert testimony produced in this matter was sufficient to prove causation *835 (Faunteroy v United States, 413 A2d 1294; State v Rupp, 120 Ariz 490). However, no instruction was given regarding the evaluation of the expert testimony. There would ordinarily be no necessity for such a charge to the Grand Jury. Here, there was eyewitness testimony that the defendant, in fact, several times was seen by eyewitnesses feeding the child. There was thus a conflict between the eyewitness testimony and the expert testimony. Without an instruction as to the proper manner of evaluation of expert testimony, the Grand Jury could not properly evaluate this contradictory evidence.
In sum, while the People presented sufficient evidence to sustain the lesser included offense of assault in the third degree (reckless assault) (Pallis v State, 123 Ala 12), the improprieties in the failure to charge the Grand Jury properly, and the withholding of evidence requested by the Grand Jury resulted in the impairment of the Grand Jury proceedings (People v Calbud, Inc., 49 NY2d 389; Jones v United States, 308 F2d 307). While this court has discussed the errors with relation to the two assault charges they are equally applicable to the count of endangering the welfare of a child.
The motion to dismiss the indictment is granted, with leave to the District Attorney to represent the matter to another Grand Jury, on condition that the exculpatory evidence previously submitted be resubmitted to the Grand Jury, and on the condition that proper instructions in accordance with this decision be given.
The indictment is dismissed. The same bail conditions that are presently existing are to be continued.