tory, since the informant had already identified the defendant *(see, People v Ravenell,* 179 AD2d 788; *People v Harris,* 171 AD2d 882).

In addition, the defendant received the effective assistance of counsel.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROSALIA MIRANDA, Respondent. [612 NYS2d 65] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Appelman, J.), dated June 22, 1993, as granted those branches of the defendant's omnibus motion which were to dismiss the first count of the indictment charging assault in the first degree, and the fourth through eighth counts of the indictment charging assault in the third degree.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendant's omnibus motion which were to dismiss the first count and the fourth through eighth counts of the indictment are denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County for further proceedings consistent herewith.

We agree with the People that the Supreme Court erred in dismissing the assault charges contained in the indictment.

The counts charging the defendant with assault tracked the language of the relevant sections of the Penal Law, and set forth each of the essential elements contained therein. The allegations of the defendant's failure to obtain medical care for the complainant or other nonfeasance contributing to the assaults need not have been contained in the indictment itself *(see, People v Iannone,* 45 NY2d 589; *People v Fitzgerald,* 45 NY2d 574; CPL 200.50). It is sufficient that such information may be obtained by way of a bill of particulars, as it was in this case *(see, People v Waldron,* 162 AD2d 485). Furthermore, the absence of evidence that the defendant committed any affirmative act contributing to the abuse of her infant son did not render the evidence legally insufficient to sustain the assault charges. The Penal Law provides that criminal liability may be based on an omission to act where there is a legal duty to do so *(see,* Penal Law § 15.10; *People v Wong,* 81 NY2d

600), and parents have a nondelegable affirmative duty to provide their children with adequate medical care *(People v Steinberg,* 79 NY2d 673). Viewing the evidence in this record in a light most favorable to the People, we find it legally sufficient to sustain the assault charges *(see, People v Mikuszewski,* 73 NY2d 407).

The additional issues raised by the defendant are not properly before this Court on an appeal taken by the People, and are, in any event, without merit *(see, People v Goodfriend,* 64 NY2d 695; *see also, People v Karp,* 76 NY2d 1006; *People v Wong, supra,* at 607). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.