KIMBA M. WOOD, United States District Judge:
On July 2, 2018, this Court sentenced Jerome Brown for his conviction on one count of possession of a firearm by a prohibited person. In calculating Mr. Brown's base offense level, the Court declined to consider his 2008 conviction for attempted assault in the second degree pursuant to New York Penal Law section 120.05(1) as a "crime of violence" under U.S. Sentencing Guidelines section 2K2.1(a)(4)(A). The Court stated that it would issue an opinion explaining that ruling.
I. BACKGROUND
On October 6, 2017, Jerome Brown ("Defendant") was convicted after a one-week jury trial of one count of possession of a firearm by a prohibited person (a convicted felon) under 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") calculated Defendant's base offense level as 20 because, pursuant to Sentencing Guidelines section 2K2.1(a)(4)(A), "the offense was committed subsequent to the defendant sustaining at least one prior felony conviction of a crime of violence." (PSR, ECF No. 77, at ¶ 21.) The "one prior felony conviction of a crime of violence" at issue here resulted from Defendant pleading guilty to Attempted Assault in the 2nd Degree pursuant to New York Penal Law, section 120.05(1) (the "Prior Conviction"). (PSR ¶ 39; Def.'s Reply Submission, ECF No. 91, at 2;
*461 Gov't's Sentencing Submission, ECF No. 90, at 10.)
Prior to sentencing, defense counsel argued that the Prior Conviction was not a "crime of violence" under the Sentencing Guidelines. Counsel argued that, because section 120.05(1) criminalizes some omissions, it can be violated without the use of force, and thus it is not categorically a crime of violence. The Government disagreed, contending that section 120.05(1) is categorically a crime of violence, because committing the crime requires violent force.
On July 2, 2018, the Court sentenced Defendant. At sentencing, the Court ruled that the Prior Conviction was not a "crime of violence" under Sentencing Guidelines section 2K2.1(a)(4)(A).
II. Legal Standard
A. The U.S. Sentencing Guidelines
Under Guidelines section 2K2.1(a)(4)(A), a base offense level of 20 applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Application Note 1 to section 2K2.1 states that the term "crime of violence" "has the meaning given that term in § 4B 1.2(a) and Application Note 1 of the Commentary to § 4B 1.2." Section 4B1.2(a) defines the term "crime of violence," in pertinent part, as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... has as an element the use, attempted use, or threatened use of physical force against the person of another ...." Application Note 1 of the Commentary to section 4B1.2 provides that the terms " '[c]rime of violence' and 'controlled substance offense' include ... attempting to commit such offenses."
Where, as here, the underlying criminal statute contains multiple subsections and there is no dispute as to which subsection the defendant was convicted of violating, courts use a "categorical approach" to determine "whether a state conviction qualifies as a predicate offense for a federal sentence enhancement." See United States v. Jones , 878 F.3d 10, 15-16 (2d Cir. 2017).
Courts employing the categorical approach "confine [their] inquiry to the legal elements of the state statute without at all considering the facts of the underlying crime." Id. at 16. For this reason, courts first ascertain "the minimum conduct necessary for a conviction of the predicate offense," and then determine whether that minimum conduct "amounts to a crime of violence." See United States v. Hill , 890 F.3d 51, 55-56 (2d Cir. 2018) (applying categorical approach to hold that Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) ). If that minimum conduct does not constitute "a crime of violence," then a conviction under the state statute does not qualify as a "crime of violence" under Sentencing Guidelines section 2K2.1. See id. at 56. However, a court will deem a predicate offense not a crime of violence only if there is "a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence." Id. at 56 (quotation marks and citation omitted).
"The government bears the burden of showing that a prior conviction counts as a predicate offense for the purposes of a sentencing enhancement." United States v. Savage , 542 F.3d 959, 964 (2d Cir. 2008) ; accord United States v. Barrow , 230 F.Supp.3d 116, 122 (E.D.N.Y. 2017). Because "[p]rior convictions that qualify as predicate offenses can greatly increase sentences, ... what constitutes a prior conviction should be strictly interpreted." Barrow , 230 F.Supp.3d at 122.
*462 B. The Statute at Issue
Under New York Penal Law section 120.05(1), "[a] person is guilty of assault in the second degree when ... [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person ...."
III. Discussion
The Prior Conviction is not a "crime of violence" for purposes of Sentencing Guidelines section 2K2.1(a)(4)(A), because there is a "realistic probability" that New York Penal Law section 120.05(1) criminalizes omissions.
Convictions under statutes that criminalize omissions are not convictions for crimes of violence. In Chrzanoski v. Ashcroft , 327 F.3d 188, 191-92 (2d Cir. 2003), the Second Circuit analyzed whether assault in the third degree under Connecticut law constituted a "crime of violence" in applying the Immigration and Nationality Act, which uses a slightly broader definition of "crime of violence." See 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another") (emphasis added). The Connecticut statute prohibited, inter alia, causing "physical injury to another person" with the intent to do so. Chrzanoski , 327 F.3d at 192 (quoting section 53a-61 of the Connecticut General Statutes ). The Second Circuit held that "the intentional causation of injury does not necessarily involve the use of force," because injury can be caused by, among other things, deliberate omissions-e.g., a physician withholding life-saving medication. Id. at 195. For this reason, the court concluded that acts criminalized by the Connecticut statute were not categorically "crimes of violence." Id. at 196.
The Government argues that Chrzanoski should not govern this case in light of the Supreme Court's decision in United States v. Castleman , 572 U.S. 157, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014). In Castleman , the Court held that a "misdemeanor offense of having 'intentionally or knowingly cause[d] bodily injury to' " a person "qualifies as a 'misdemeanor crime of domestic violence' " under 18 U.S.C. § 922(g)(9). 134 S.Ct. at 1408. In so holding, the Court created a category of "indirect" uses of force, which includes among acts of force such actions as poisoning. Id. at 1415. The decision abgrogated Chrzanosk 's holding that such acts did not involve the use of force.
Although the Government argues that Castleman 's rationale extends to omissions, there is nothing in the opinion that supports that contention. Castleman 's concept of "indirect force" focuses on acts (e.g., employing poison), not omissions.[1]
id="p463" href="#p463" data-label="463" data-citation-index="1" class="page-label">*463See id. at 1414-15 ; see also United States v. Harris , 205 F.Supp.3d 651, 671 (M.D. Pa. 2016) (explaining that Castleman did not address omissions, which are distinguishable from indirect force because "it cannot be said that physical force has been used when no act has been performed").[2]
There is a realistic probability that New York Penal Law section 120.05(1) criminalizes omissions. Under New York criminal law, a defendant can be liable for omissions where the defendant had a duty to act. N.Y.P.L. § 15.10. Indeed, individuals have been prosecuted in New York for assault, in particular, on the basis of omissions. See People v. Miranda , 204 A.D.2d 575, 575-76, 612 N.Y.S.2d 65 (2d Dep't 1994) (reversing dismissal of assault charges where defendant allegedly "fail[ed] to obtain medical care for [her child]" because "parents have a nondelegable affirmative duty to provide their children with adequate medical care"); People v. Gladden , 118 Misc. 2d 831, 832-33, 462 N.Y.S.2d 115 (N.Y. Sup. Ct. 1983) (setting forth what a prosecutor must show to establish that assault was committed by "an omission or a failure to act").
Jurisprudence concerning New York's analogous manslaughter statute supports the Court's reading of section 120.05(1). In New York, "[a] person is guilty of manslaughter in the first degree when ... [w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person" N.Y.P.L. § 125.20(1). Because "[t]he Penal Law provides that criminal liability may be based on an omission," and "[p]arents have a nondelegable affirmative duty to provide their children with adequate medical care," it follows that "the failure to obtain medical care can ... support a first degree manslaughter charge." People v. Steinberg , 79 N.Y.2d 673, 680, 584 N.Y.S.2d 770, 595 N.E.2d 845 (1992) (citations omitted); see also United States v. Scott , 2017 WL 2414796, at *2-3 (S.D.N.Y. July 2, 2017) (Swain, J.) (holding that, because "a defendant may be convicted of violating subsection one of New York's first degree manslaughter statute by an act of omission, which by definition does not involve an act of any kind, let alone the use of force," manslaughter is not a "violent felony" for purposes of the ACCA). Because section 125.20(1), which criminalizes "caus[ing] ... death," applies to omissions, it stands to reason that section 120.05(1), which criminalizes "caus[ing serious physical] injury," also applies to omissions.
Accordingly, because someone can violate § 120.05(1) by an omission, it cannot categorically be a "crime of violence." See Grant v. United States , No. 06-CR-732 (DLI), 2017 WL 2881132, at *4-5 (E.D.N.Y. July 5, 2017) (explaining that a conviction under § 120.05(1) does not constitute a "violent felony" under the ACCA); United States v. Poindexter , Criminal Action No. 3:97-CR-00079-JAG, 2016 WL 6595919, at *4-5 (E.D. Va. Nov. 7, 2016) (same) (citing Chrzanoski ).
The Government cites to a ruling by Judge Sullivan that a different subsection of the statute at issue here constitutes a "crime of violence." That ruling is currently on appeal to the Second Circuit. United States v. Torres , 17-3454-cr. In that case, the defendant was convicted of second-degree assault under New York Penal Law section 120.05(10)(b), which criminalizes *464 "caus[ing] physical injury" to students on school grounds under certain circumstances. Torres , Def.'s Br., Dkt. No. 17, at 4-6. Judge Sullivan found it implausible that this subsection would be used to prosecute an omission and, accordingly, held that this conviction was a "crime of violence." Torres , Def.'s App'x, Dkt. No. 18, at A119. Judge Sullivan noted, however, that it was "not a slam dunk either way" whether the statute at issue was a crime of violence. Def.'s App'x, at A118.
The Court has carefully considered all of the Government's remaining arguments and rejects them.
IV. CONCLUSION
The Court holds that, because there is a "realistic probability" that New York Penal Law section 120.05(1) criminalizes omissions, Defendant's conviction thereunder is not a "crime of violence" for purposes of United States Sentencing Guidelines section 2K2.1(a)(4)(A).

Castleman is inapposite here for another reason. In Castleman , the Court applied a different standard in interpreting the term "force." Id. at 1413. The Court decided, in particular, that the "requirement of 'physical force [was] satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction." Id. Indeed, the Court specifically acknowledged that "force" as used to define a "violent felony" under the Armed Career Criminal Act ("ACCA"), must be "violent force," as opposed to common-law battery "force." Id. at 1410. "The ACCA's definition of 'violent felony' is identical in all material respects to Guidelines section 4B1.2(a)'s definition of 'crime of violence.' " United States v. Reyes , 691 F.3d 453, 458 n. 1 (2d Cir. 2012) ; accord Diaz v. United States , 2017 WL 1855895, at *1 n. 1 (W.D.N.Y. May 9, 2017) ("Because of the substantial similarity between the ACCA's definition of violent felony and the Guidelines' definition of crime of violence, 'authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.' ") (quoting United States v. Walker , 595 F.3d 441, 443 n. 1 (2d Cir. 2010) ).

The Government also cites to United States v. Hill , 890 F.3d 51 (2d Cir. 2018), for the proposition that Castleman in effect overturned Chrzanoski . (ECF No. 90, at 11). This is misleading. Castleman may have abrogated Chrzanoski with respect to the distinction between direct and indirect force, but neither Castleman nor Hill addresses criminal omissions.