17-3494-ag
*Thompson v. Garland*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  May 2, 2019     Decided: April 22, 2021)

Docket No. 17-3494-ag

---

CHIKE ABAYOMI THOMPSON, AKA CHIKE THOMPSON,

*Petitioner*,

*- against -*

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

---

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION APPEALS

Before:
 KEARSE, WESLEY, and CHIN, *Circuit Judges*.

Petition for review of a decision of the Board of Immigration

Appeals dismissing petitioner's appeal from a decision of an Immigration Judge

ordering his removal on the ground that he had been convicted of an aggravated

felony crime of violence.  On review, petitioner argues that his conviction for

second-degree assault under New York Penal Law § 120.05(1) is not a crime of violence as defined in 18 U.S.C. § 16(a).

PETITION DENIED.

---

Chike Abayomi Thompson, *pro se*, Brooklyn, New York, *for Petitioner*.

Song E. Park, Senior Litigation Counsel; Cindy S. Ferrier, Assistant Director; Civil Division, United States Department of Justice, Washington, D.C., *for Respondent.*

---

PER CURIAM:

Petitioner Chike Abayomi Thompson, a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of an Immigration Judge ("IJ") ordering his removal on the ground that he had been convicted of an aggravated felony crime of violence. *In re Chike Abayomi Thompson*, No. A 089 152 207, 2017 WL 6555156 (B.I.A. Oct. 12, 2017), *aff'g* No. A 089 152 207 (Immig. Ct. Batavia Mar. 1, 2017).

In December 2015, Thompson was convicted of the offense of assault in the second degree in violation of New York Penal Law ("NYPL") § 120.05(1). Removal proceedings were initiated in November 2016, and on March 1, 2017, an IJ denied Thompson's motion to terminate the removal proceedings. The IJ also

2

ordered Thompson's removal under 8 U.S.C. § 1227(a)(2)(A)(iii) on the ground

that his conviction for violating NYPL § 120.05(1) was an aggravated felony

crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines "crime of

violence" by reference to 18 U.S.C. § 16.  On October 12, 2017, the BIA affirmed

the IJ's decision and dismissed Thompson's appeal.  This petition for review

followed.[1]

Our jurisdiction to review a final order of removal against an alien

who was ordered removed because of an aggravated felony is limited to

"constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(C), (D).

Thompson raises a reviewable question of law: whether a conviction under

NYPL § 120.05(1) is an aggravated felony crime of violence under 8 U.S.C.

§ 1101(a)(43)(F) and 18 U.S.C. § 16.  The BIA's decision is the subject of our

judicial review.  *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review

the question of law *de novo*.  *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The sole issue before us is whether a conviction under NYPL

§ 120.05(1) is a crime of violence as defined in 18 U.S.C. § 16(a).[2]  Section 16(a)

---

[1]    We initially denied this petition on May 13, 2019, but then withdrew our decision and held this appeal pending a decision in *United States v. Scott*, No. 18-163.

[2]    We need not determine whether NYPL § 120.05(1) is a crime of violence under 18 U.S.C. § 16(b) because the Supreme Court held that § 16(b) is void for vagueness.  *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  "Force is defined broadly as power, violence, or pressure directed against a person or thing."  *Santana v. Holder*, 714 F.3d 140, 144 (2d Cir. 2013) (internal quotation marks omitted).  Furthermore, the "use of physical force" refers to intentional -- rather than accidental -- force and "suggests a category of violent, active crimes."  *Leocal v. Ashcroft*, 543 U.S. 1, 9-11 (2004); *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that 18 U.S.C. § 924(e)'s nearly identical "physical force" clause "means *violent* force -- that is, force capable of causing physical pain or injury to another person").

To determine whether a state conviction is a crime of violence, we apply the categorical approach and look only to the elements of the state offense -- not the facts underlying the crime.  *See Morris v. Holder*, 676 F.3d 309, 314 (2d Cir. 2012); *see also Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015).  Where a statute such as NYPL § 120.05 "sets out one or more elements of the offense in the alternative," we use the modified categorical approach, which essentially applies the categorical approach only to the crime of conviction.[3]  *Descamps v. United*

---

[3]     While we have previously held that NYPL § 120.05(2), second-degree assault with a deadly weapon, is a crime of violence under section 16(a), *Singh v. Barr*, 939 F.3d 457, 464 (2d Cir. 2019), we have not yet addressed whether NYPL § 120.05(1) is also a crime of violence.

*States*, 570 U.S. 254, 257 (2013).  Under NYPL § 120.05(1), "[a] person is guilty of assault in the second degree when: . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person."  In addition, New York defines "[s]erious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."  NYPL § 10.00(10).

Thompson's conviction for second-degree assault, therefore, meets § 16(a)'s physical force requirement because NYPL § 120.05(1) requires that a defendant (1) cause a serious physical injury to another (2) with the intent to do so.  *See* NYPL § 120.05(1); *see also United States v. Scott*, 990 F.3d 94, 100 (2d Cir. 2021) (en banc) (holding that New York first-degree manslaughter, which penalizes causing death with the intent to cause serious physical injury, includes the use of force as an element of the offense).

A person who causes serious physical injury with the intent to do so, in violation of NYPL § 120.05(1), necessarily uses physical force.  *See United States v. Castleman*, 572 U.S. 157, 170 (2014) ("It is impossible to cause bodily injury without applying force in the common-law sense."); *id*. at 169 (reasoning that "the knowing or intentional causation of bodily injury necessarily involves the use of

5

physical force").  Moreover, force that causes "serious physical injury" under

§ 120.05(1) is "*violent* force -- that is, force capable of causing physical pain or

injury to another person," *Johnson*, 559 U.S. at 140, because New York defines

"serious physical injury" as "physical injury which creates a substantial risk of

death, or which causes death or serious and protracted disfigurement, protracted

impairment of health or protracted loss or impairment of the function of any

bodily organ," NYPL § 10.00(10).

Finally, Thompson argues that NYPL § 120.05(1) is overbroad

because it applies to conduct that does not involve the use or threatened use of

physical force.  For example, Thompson argues that NYPL § 120.05(1) would

cover poisoning someone or placing a barrier in front of a car causing an

accident.  This argument is without merit, however, as we have held that "a use

of physical force can encompass acts undertaken to cause physical harm, even

when the harm occurs indirectly (as with poisoning)," *Villanueva v. United States*,

893 F.3d 123, 130 (2d Cir. 2018) (internal quotation marks omitted), or occurs

because the defendant "initiat[ed] . . . a consequence that inflicts injury," *id.* at

129, as with placing a physical barrier in front of a car causing an accident.  *See*

*Castleman*, 572 U.S. at 170 ("[T]he common-law concept of 'force' encompasses

even its indirect application."); *see also Scott*, 990 F.3d at 113 (holding that New

York first-degree manslaughter, whether committed "by commission or omission," requires the use of force because the "causation and intent elements can be satisfied only when a defendant knowingly employs the violent force causing death as the instrument for pursuing his own seriously injurious purpose").

## CONCLUSION

Accordingly, the petition for review is **DENIED**.