18-2063-cr (L)
*United States v. Brown*

# In the
# United States Court of Appeals
## for the Second Circuit

---

AUGUST TERM 2020

Nos. 18-2063-cr, 18-2220-cr

UNITED STATES OF AMERICA,
*Appellee-Cross-Appellant*,

v.

JEROME BROWN, also known as JAMEL BROWN,
*Defendant-Appellant-Cross-Appellee*.

---

On Appeal from the United States District Court
for the Southern District of New York

---

ARGUED: MAY 14, 2019
DECIDED: JUNE 24, 2021

---

Before: CABRANES, *Circuit Judge*, and STANCEU, *Judge*[*][†]

ROBERT SOBELMAN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY, *for Appellee-Cross-Appellant*.

COLLEEN P. CASSIDY, Counsel, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant-Cross-Appellee*.

*Per Curiam*:

This case presents three questions: (1) whether the rulings at trial of the United States District Court for the Southern District of

---

[*] Judge Timothy C. Stanceu, Judge of the United States Court of International Trade, sitting by designation.

[†] United States Circuit Judge Peter W. Hall died before the filing of this opinion; the appeal is being decided by the remaining members of the panel, who are in agreement, in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

New York (Kimba M. Wood, *Judge*) deprived Defendant-Appellant-Cross-Appellee Jerome Brown ("Brown") of his right to a fair trial; (2) whether it was reversible plain error to convict Brown for felony possession of a firearm in violation of 18 U.S.C. § 992(g)(1) in the absence of trial evidence that he knew of his status as a convicted felon; and (3) whether the District Court, in sentencing Brown, erroneously held that Brown's prior conviction under N.Y. Penal Law ("NYPL") § 120.05(1) was not a predicate "crime of violence" under the so-called force clause of the Career Offender Guideline of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 4B1.2(a)(1). For the reasons stated in a summary order filed simultaneously with this opinion, we hold that (1) the challenged rulings of the District Court at trial were not an abuse of discretion, and (2) although it was clearly erroneous not to require the government to prove that Brown knew of his status as a felon, that error does not warrant reversal. In this opinion, we hold that, contrary to the conclusion of the District Court, NYPL § 120.05(1) is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) in light of our recent decision in *United States v. Scott*, 990 F.3d 94, 99 (2d Cir. 2021) (en banc). Accordingly, we **AFFIRM** the District Court's July 9, 2018 judgment as to Brown's conviction and **REMAND** the cause to the District Court for resentencing.

## I.    BACKGROUND[1]

On June 4, 2017, officers of the New York City Police Department went to the lobby of an apartment complex in the Bronx in response to a complaint of disorderly conduct and found Brown holding what appeared to be a marijuana cigarette. According to the officers, they saw what appeared to be a bulge on the right side of his waist. The officers searched Brown, finding in his waistband what was later identified as a stolen and loaded Glock pistol.[2] The officers then arrested Brown and discovered more than a dozen individually wrapped packets of marijuana on Brown's person.

Brown was indicted on one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In 2017, Brown went to trial, and was convicted after the jury returned a verdict of guilty. Brown's prior felony conviction, from 2008, was for attempted assault in the second degree in violation of NYPL § 120.05(1). In sentencing Brown, the District Court disagreed with the conclusion of the United States Probation Office ("Probation Office") that Brown's prior conviction under NYPL § 120.05 was a conviction for a "crime of violence" as defined in the

---

[1] The following statement of facts is drawn from the indictment (Appellant's Appendix ("A.") 16), the transcript of Brown's trial (A. 45-393; 398-539), and the District Court's opinion dated July 25, 2018 (A. 540-546), *United States v. Brown*, 322 F. Supp. 3d 459, 464 (S.D.N.Y. 2018), and is undisputed unless stated otherwise.

[2] At trial, a witness for Brown testified that the police did not find the gun in Brown's pants but pulled it out of a bag lying on the floor at some distance from Brown. A. 287-89.

4

Career Offender Guideline, U.S.S.G. § 4B1.2(a)(1). The Probation Office's conclusion would have yielded a base offense level of 20 for Brown's instant crime of conviction.[3] Instead, the District Court reasoned that NYPL § 120.05(1) was not a "crime of violence" because there was a "realistic possibility" that a violation thereof could be committed by omission.[4] The District Court thus assigned Brown a base offense level of 14, which, with applicable enhancements, resulted in a total offense level of 18—four levels lower than the total offense level of 22 calculated by the Probation Office. This offense level, along with Brown's criminal history category of IV, resulted in an advisory Guidelines range of 41 to 51 months of imprisonment. The District Court sentenced Brown to a below-Guidelines term of 27 months of imprisonment, to be followed by two years of supervised release. Brown is currently serving his sentence.

Brown appealed his conviction, contending (1) that the District Court's erroneous rulings at trial deprived him of his right to a fair trial and (2) that it was reversible plain error to convict him without evidence that he knew of his status as a felon at the time he possessed the firearm.[5] The government cross-appealed, arguing that the District Court erroneously held that NYPL § 120.05(1) is not a "crime of violence" and therefore miscalculated Brown's base offense level.

---

[3] *See* U.S.S.G. § 2K2.1(a)(4)(A).

[4] *Brown*, 322 F. Supp. 3d at 464.

[5] As noted above, we address Brown's arguments on appeal in a separate summary order filed simultaneously.

## II. DISCUSSION

We review *de novo* a district court's determination as to whether a particular offense is a "crime of violence" under the Guidelines.[6] Under the so-called force clause of the Career Offender Guideline, a "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). We conduct a categorical inquiry to determine whether a particular offense is a crime of violence by looking only to the elements of the stated offense; that is, we look not to the actual facts of the convicted defendant's crime, but "to the minimum he might have done and still been convicted."[7]

In *United States v. Scott*, this Court, sitting en banc, made clear that a predicate offense is to be categorically recognized as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) where conviction requires that the defendant "intentionally caus[e] at least serious physical injury— crimes necessarily involving a use of force—. . . *whether committed by acts of omission or by acts of commission*."[8]

Here, Brown's predicate crime was a violation of NYPL § 120.05(1). A person is guilty of second-degree assault under that

---

[6] *United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021) (en banc).

[7] *Scott*, 990 F.3d at 99 (2d Cir. 2021).

[8] *Id*. at 110 (emphasis added).

statute if, "[w]ith the intent to cause serious physical injury to another person, he causes such injury to such person or to a third person." Recently in *Thompson v. Garland*, we applied *Scott* to hold that NYPL § 120.05(1) requires the intentional causation of serious physical injury and is therefore a "crime of violence" under 18 U.S.C. § 16(a).[9] Because the language of "U.S.S.G. § 4B1.2's Force Clause is identical to . . . the definition of 'crime of violence' under 18 U.S.C. § 16(a)," this Court is "guided by its . . . [18 U.S.C.] § 16(a) jurisprudence" in interpreting U.S.S.G. § 4B1.2(a)(1).[10] We thus conclude that Brown's predicate crime, which was a violation of NYPL § 120.05(1), is a "crime of violence" under the force clause of U.S.S.G. § 4B1.2(a)(1).

Because the District Court did not have the benefit of our decision in *Scott*, it erroneously concluded that Brown's violation of NYPL § 120.05(1) did not qualify as a predicate crime of violence under the Career Offender Guideline and consequently miscalculated Brown's offense level. We therefore remand the cause to the District Court for resentencing.

## III. CONCLUSION

To summarize, we hold that NYPL § 120.05(1) is a "crime of violence" under the force clause of U.S.S.G. § 4B1.2(a)(1). For the foregoing reasons and for the reasons stated in the summary order accompanying this opinion, we **AFFIRM** the District Court's July 9,

---

[9] 994 F.3d 109, 111-12 (2d Cir. 2021).

[10] *United States v. Tabb*, 949 F.3d 81, 84 (2d Cir. 2020).

2018 judgment as to Brown's conviction and **REMAND** the cause to the District Court for resentencing.