Singh v. Garland

BIA
Wright, IJ
A034 607 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand twenty-two.

PRESENT:
      REENA RAGGI,
      JOSEPH F. BIANCO,
      SARAH A. L. MERRIAM,
         *Circuit Judges.*

_____

GORAKH NAUTH SINGH, AKA GORAKH N. SINGH, AKA GURAKH SINGH, AKA GORAKH O. SINGH, AKA GURAKA SINGH,
      *Petitioner,*

      v.               19-2910

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:      Ethan P. Davis, Acting Assistant Attorney General, Civil Division; Anthony P. Nicastro, Assistant Director, Office of Immigration

Litigation; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gorakh Nauth Singh, a native and citizen of Guyana, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") ordering Singh's removal based on a prior aggravated felony conviction. *In re Gorakh Nauth Singh*, No. A034 607 552 (B.I.A. Aug. 12, 2019), *aff'g* No. A034 607 552 (Immig. Ct. N.Y.C. Jan. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The sole issue before us is whether Singh's conviction for attempted first-degree assault in violation of New York Penal Law ("NYPL") §§ 110.00, 120.10(1) is a crime of violence under 8 U.S.C. § 1101(a)(43)(F). We review this question of law *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The Immigration and Nationality Act includes in the definition of aggravated felony "a crime of violence . . . for

2

which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F), as well as an attempt to commit an aggravated felony, *id.* § 1101(a)(43)(U). Section 1101(a)(43)(F) defines a crime of violence by reference to 18 U.S.C. § 16, which in turn defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The "use of physical force" refers to intentional, rather than accidental, force and "suggests a category of violent, active crimes." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004);[1] *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that 18 U.S.C. § 924(e)'s nearly identical "physical force" clause "means *violent* force—that is, force capable of causing physical pain or injury to another person"). Accordingly, to constitute a crime of violence, a crime must require violent force.

To determine whether a state conviction is for a crime of violence, we apply a categorical approach, looking to the elements of the state offense, not the facts underlying the crime. *See Morris v. Holder*, 676 F.3d 309, 314 (2d Cir. 2012). We "'presume that the conviction rested upon nothing more than the least of the

---

[1] *See United States v. Scott*, 990 F.3d 94, 119 (2d Cir. 2021) (en banc) (stating that *Leocal*'s reference to active crimes emphasized that use of physical force "must be more than accidental or negligent, not that it must involve the defendant's physical movement").

acts criminalized' under the state statute." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)).

Because NYPL § 120.10 has multiple, divisible subsections, we apply the modified categorical approach. *See Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019). Here, Singh's indictment tracks the language of NYPL § 120.10(1), and so we must consider whether that subsection's elements are a categorical match to the definition in 18 U.S.C. § 16(a).

Under NYPL § 120.10(1), a "person is guilty of assault in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." The elements of this statute are either indistinguishable from or require a greater showing of force than sub-sections (1) and (2) of New York's second-degree assault statute, NYPL § 120.05, which we have previously ruled constitute crimes of violence under Section 16(a). *See Thompson v. Garland*, 994 F.3d 109, 111-12 (2d Cir. 2021) (discussing NYPL § 120.05(1)); *Singh*, 939 F.3d at 462-64 (discussing NYPL § 120.05(2)).[2] Because

---

[2] Under NYPL § 120.05(1), (2), a "person is guilty of assault in the second degree when (1) "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person;" or (2) "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

4

NYPL § 120.10(1) contains the same intent and serious physical injury elements as NYPL § 120.05(1), and requires the same showing of intent to cause physical injury and use of a deadly weapon or dangerous instrument as NYPL § 120.05(2), NYPL § 120.10(1) is also a crime of violence under Section 16(a)'s definition, and, therefore, an attempt to violate NYPL § 120.10(1) is an aggravated felony under § 1101(a)(43)(F), (U).

Singh's argument that NYPL § 120.10(1) is not a crime of violence because the statute does not use the words "physical force" fails because the intent to cause serious physical injury, particularly in combination with the deadly weapon or dangerous instrument element, necessarily encompasses the use of violent force required under Section 16(a). *See Singh*, 939 F.3d at 462 ("[T]he deadly weapon or dangerous instrument element makes obvious that the statute requires the use of violent force."). We have considered Singh's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5