*Singh v. Garland*

# United States Court of Appeals
## for the Second Circuit

_____

November Term 2022

Submitted: November 7, 2022    Decided: November 16, 2022

Per Curiam: January 19, 2023 *

No. 19-2910

_____

GORAKH NAUTH SINGH, AKA GORAKH N. SINGH, AKA GURAKH SINGH, AKA
GORAKH O. SINGH, AKA GURAKA SINGH,

*Petitioner,*

— v. —

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

Before:    RAGGI, BIANCO, and MERRIAM, *Circuit Judges.*

Petitioner Gorakh Nauth Singh seeks review of an August 12, 2019 decision of the Board of Immigration Appeals, affirming a January 23, 2018 decision of an

_____

* This opinion was originally decided by summary order. *See Singh v. Garland*, No. 19-2910, 2022 WL 16954695, at *1 (2d Cir. Nov. 16, 2022). It is now published as a per curiam opinion in response to the government's motion seeking publication of the summary order, which we now grant over the objection of Singh. No substantive change has been made to the order.

immigration judge ordering Singh's removal based on a prior aggravated felony conviction. *In re Gorakh Nauth Singh*, No. A034 607 552 (B.I.A. Aug. 12, 2019), *aff'g* No. A034 607 552 (Immig. Ct. N.Y.C. Jan. 23, 2018). This petition presents the question of whether Singh's conviction for attempted first-degree assault in violation of New York Penal Law §§ 110.00, 120.10(1) is a crime of violence under 18 U.S.C. § 16(a). We conclude that it is, and, accordingly, **DENY** the petition for review.

H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY, *for Petitioner*.

Ethan P. Davis, Acting Assistant Attorney General, Civil Division; Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC., *for Respondent*.

PER CURIAM:

Petitioner Gorakh Nauth Singh, a native and citizen of Guyana, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") ordering Singh's removal based on a prior aggravated felony conviction. *In re Gorakh Nauth Singh*, No. A034 607 552 (B.I.A. Aug. 12, 2019), *aff'g* No. A034 607 552 (Immig. Ct. N.Y.C. Jan. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the

BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The sole issue before us is whether Singh's conviction for attempted first-degree assault in violation of New York Penal Law ("NYPL") §§ 110.00, 120.10(1) is a crime of violence under 8 U.S.C. § 1101(a)(43)(F). We review this question of law *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The Immigration and Nationality Act includes in the definition of aggravated felony "a crime of violence . . . for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F), as well as an attempt to commit an aggravated felony, *id.* § 1101(a)(43)(U). Section 1101(a)(43)(F) defines a crime of violence by reference to 18 U.S.C. § 16, which in turn defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The "use of physical force" refers to intentional, rather than accidental, force and "suggests a category of violent, active crimes." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004);[1] *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that 18

---

[1] *See United States v. Scott*, 990 F.3d 94, 119 (2d Cir. 2021) (en banc) (stating that *Leocal*'s reference to active crimes emphasized that use of physical force "must be more than accidental or negligent, not that it must involve the defendant's physical movement").

U.S.C. § 924(e)'s nearly identical "physical force" clause "means *violent* force—that is, force capable of causing physical pain or injury to another person"). Accordingly, to constitute a crime of violence, a crime must require violent force.

To determine whether a state conviction is for a crime of violence, we apply a categorical approach, looking to the elements of the state offense, not the facts underlying the crime. *See Morris v. Holder*, 676 F.3d 309, 314 (2d Cir. 2012). We "'presume that the conviction rested upon nothing more than the least of the acts criminalized' under the state statute." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)).

Because NYPL § 120.10 has multiple, divisible subsections, we apply the modified categorical approach. *See Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019). Here, Singh's indictment tracks the language of NYPL § 120.10(1), and so we must consider whether that subsection's elements are a categorical match to the definition in 18 U.S.C. § 16(a).

Under NYPL § 120.10(1), a "person is guilty of assault in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." The elements of this statute are either indistinguishable

4

from or require a greater showing of force than sub-sections (1) and (2) of New York's second-degree assault statute, NYPL § 120.05, which we have previously ruled constitute crimes of violence under Section 16(a). *See Thompson v. Garland*, 994 F.3d 109, 111–12 (2d Cir. 2021) (discussing NYPL § 120.05(1)); *Singh*, 939 F.3d at 462–64 (discussing NYPL § 120.05(2)).[2] Because NYPL § 120.10(1) contains the same intent and serious physical injury elements as NYPL § 120.05(1), and requires the same showing of intent to cause physical injury and use of a deadly weapon or dangerous instrument as NYPL § 120.05(2), NYPL § 120.10(1) is also a crime of violence under Section 16(a)'s definition, and, therefore, an attempt to violate NYPL § 120.10(1) is an aggravated felony under § 1101(a)(43)(F), (U).

Singh's argument that NYPL § 120.10(1) is not a crime of violence because the statute does not use the words "physical force" fails because the intent to cause serious physical injury, particularly in combination with the deadly weapon or dangerous instrument element, necessarily encompasses the use of violent force required under Section 16(a). *See Singh*, 939 F.3d at 462 ("[T]he deadly weapon or

---

[2] Under NYPL § 120.05(1), (2), a "person is guilty of assault in the second degree when (1) "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person;" or (2) "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

dangerous instrument element makes obvious that the statute requires the use of violent force.").

We have considered Singh's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is **DENIED**.