Sucuzhanay-Ortiz v. Garland

BIA
Straus, IJ
A208 188 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-three.

PRESENT:
GERARD E. LYNCH,
MICHAEL H. PARK,
ALISON J. NATHAN,
*Circuit Judges.*

_____

PABLO RAMIRO SUCUZHANAY-ORTIZ,
*Petitioner*,

v.                                                              **21-6464**

                                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Michael Borja, Esq., Borja Law Firm, P.C.,
                           Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pablo Ramiro Sucuzhanay-Ortiz, a native and citizen of Ecuador, seeks review of a July 21, 2021, decision of the BIA affirming a January 28, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal in part because the IJ found he was not credible.[1] *In re Pablo Ramiro Sucuzhanay-Ortiz,* No. A 208 188 206 (B.I.A. July 21, 2021), *aff'g* No. A 208 188 206 (Immig. Ct. Hartford Jan. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA's decision affirms the IJ's adverse credibility finding without rejecting any portion of the IJ's decision, but emphasizing

---

[1] Sucuzhanay-Ortiz also applied for relief under the Convention Against Torture, which the IJ denied. We do not address that form of relief because the BIA concluded that he had waived that issue on appeal, and he does not separately argue it here or challenge the BIA's waiver determination.

2

particular aspects of the reasoning, we review both decisions." *Chen v. Garland*, 75 F.4th 109, 112 (2d Cir. 2023) (internal quotation marks omitted), quoting *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). We "afford particular deference to the IJ's adverse credibility determination," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), which we review using the "substantial evidence" standard, *Chen*, 75 F.4th at 112-13. Under that standard, "an IJ's reasons for finding an applicant not credible [must] be both (1) supported by substantial evidence in the record and (2) logically related to the applicant's credibility." *Singh v. Garland*, 6 F.4th 418, 426 (2d Cir. 2021).[2]

"[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that" an applicant is not credible. *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted), quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Nonetheless, "not all omissions and inconsistencies will deserve the same weight," and "[a] trivial inconsistency or omission that has no tendency to suggest a

---

[2] Petitioner also challenges the IJ's determination that any persecution he would experience upon return to Ecuador would not be based on his political opinions. Because "the BIA found [it] unnecessary to rely on or to address [that issue] in reaching its own decision," we "do not consider [that] challenge[] to the IJ opinion" here. *Alvarez v. Garland*, 33 F.4th 626, 638 (2d Cir. 2022).

3

petitioner fabricated his or her claim will not support an adverse credibility determination." *Id.* at 77. Omissions are generally "less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Id.* at 78 (internal quotation marks omitted), quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). Thus, "in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Id.* at 78-79.

Substantial evidence supports the reasons for the adverse credibility determination, and those reasons were logically related to the petitioner's credibility. The agency reasonably relied on multiple inconsistencies between Sucuzhanay-Ortiz's written statement and testimony, as well as omissions from his written statement, about his encounters with two members of the Alianza Pais Lista 35[3] ("Alianza") political party – Angel Yadaicela, the husband of Petitioner's girlfriend, and Santiago Correa, a district prefect within Alianza. In the affidavit submitted with his application for relief, Sucuzhanay-Ortiz alleged that Yadaicela

[3] The BIA used slightly different spellings for the political parties at issue. We use the spellings that appear in the affidavit that Petitioner submitted in support of his application for humanitarian relief.

4

and Correa threatened and assaulted him because he switched his membership from Alianza to a rival political party, Pachakutik – Nuevo Pais Lista 18 ("Pachakutik"). The agency relied on multiple inconsistencies and omissions, including the following:

- In his affidavit, Sucuzhanay-Ortiz claimed that Yadaicela attacked him when he was volunteering at a Pachakutik event, but in his live testimony, he stated that the attack occurred during an event organized by Alianza when he was still a member of Alianza.
- In his affidavit, Sucuzhanay-Ortiz asserted that he had multiple encounters with Correa after joining Pachakutik, but in his live testimony, he stated that he had only one such encounter, which occurred before he had switched parties.
- In his live testimony, Sucuzhanay-Ortiz stated that Yadaicela attacked him in February 2016 with a machete, but this incident is omitted from his affidavit entirely.

These inconsistencies and omissions provide substantial evidence for the adverse credibility determination, particularly as, contrary to Sucuzhanay-Ortiz's assertion that the inconsistencies are minor and tangential, they relate to the incidents of persecution on which his claim is based. Sucuzhanay-Ortiz's claim is based on political persecution, so the inconsistencies concerning whether he was attacked and threatened before or after he switched political parties are material. That is especially the case since evidence in the record suggested that the attacks by Yadaicela may have been motivated by a personal vendetta that was based on

5

Sucuzhanay-Ortiz's romantic relationship with Yadaicela's wife, rather than by Sucuzhanay-Ortiz's political views. "[T]he greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility." *Singh*, 6 F.4th at 431; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The omission of the machete attack is also material. Although we have cautioned that omissions may be less probative of credibility than inconsistencies, the 2016 incident with the machete is the type of incident that an asylum applicant "would reasonably have been expected to disclose" under the circumstances. *Hong Fei Gao*, 891 F.3d at 79.

Sucuzhanay-Ortiz's explanations did not remedy these inconsistencies and omissions. The IJ was not required to credit his assertions that the affidavit was incorrect in certain points, or that he forgot to include key facts in the affidavit. A "petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder

6

would be *compelled* to credit his testimony." *Malets v. Garland*, 66 F.4th 49, 55 (2d Cir. 2023) (emphasis in original) (internal quotation marks omitted), quoting *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019).

Finally, the adverse credibility determination is dispositive of asylum and withholding of removal because both claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court